UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jacob William Johnson

   v.                                                               Case No. 20-cv-398-SE

Dr. Celia Englander et al.

## REPORT AND RECOMMENDATION

    Jacob William Johnson, a Florida prisoner currently being housed by the New Hampshire Department of Corrections ("DOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights under federal and state law while he was housed at the New Hampshire State Prison ("NHSP").[1] The undersigned Magistrate Judge conducted a preliminary review of Mr. Johnson's initial complaint (Doc. No. 1), pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1), and on December 15, 2021, issued an Order (Doc. No. 8) directing service of some of the claims Mr. Johnson asserted therein, an Order (Doc. No. 9) granting Mr. Johnson leave to amend other claims, and a Report and Recommendation (Doc. No. 7) ("2021 R&R") recommending that the District Judge dismiss some claims.

---

    [1] Mr. Johnson is presently housed at the Northern New Hampshire Correctional Facility.

Mr. Johnson has now filed a number of documents (Doc. Nos. 11-13, 16,[2] 39-45, 51, 54-59) which the Court has construed as complaint addenda.  The complaint addenda are before this Court for preliminary review.[3]

## Discussion

I.  Supplemental Information

A number of the assertions in Mr. Johnson's complaint addenda supplement claims which are identified and numbered in the 2021 R&R, and which the Court has directed be served on the defendants identified in those claims in their individual capacities, without asserting new claims, as follows:

- Document No. 11 supplements the claim identified in the 2021 R&R as Claim 1(d)(i), which has been served on NHSP Nurse John Lombard.

- Document No. 12 supplements the claim identified in the 2021 R&R as Claim 1(e)(i), which has been served on NHSP Nurse Denise Downing.

- Document No. 13 supplements the claims identified in the 2021 R&R as: Claims 1(a)(i)-(iii) and 2(a), which have been served on NHSP Physician Celia Englander; Claim 2(b), which has been served on NHSP Nurse Karen Carr;

---

[2] Mr. Johnson identified Document No. 16 as an objection to the 2021 R&R.  The Court has construed the assertions in Document No. 16 to addend the complaint in this matter.  In doing so, however, the Court does not intend to prevent or discourage the District Judge from considering that document as an objection to the 2021 R&R.

[3] In conducting this preliminary review of the complaint addenda filed in this case, the Court applies the same standard as it did in the 2021 R&R.

> Claim 2(c), which has been served on NHSP Nurse Fallon Marchand/Hickman[4]; Claim 2(d), which has been served on NHSP Nurse Martha Barbosa/Derkash[5]; and Claim 2(f), which has been served on the NHSP's Special Housing Unit Officers Capt. Daniel Boynton, Lt. Gary Lydick, and Sgt. Turcotte (whose first name is unknown); and the claim identified in this R&R as Claim 2(g), which the Court directs served on DOC/NHSP Pharmacist Ren Carbone in an Order issued this date.

- Document No. 39 supplements the claims identified in the 2021 R&R as: Claim 2(a), which has been served on Dr. Englander; Claim 2(b), which has been served on Nurse Carr; Claim 2(c), which has been served on Nurse Marchand/Hickman; Claim 2(d), which has been served on Nurse Barbosa/Derkach; and Claim 2(f), which has been served on Capt. Boynton, Lt. Lydick, and Sgt. Turcotte; and the claim identified in this R&R as Claim 2(g), which the Court directs served on Pharmacist Carbone in an Order issued this date.

- Document No. 40 supplements the claims identified in the 2021 R&R as Claims 1(a)(i)-(iii) and 2(a), which have been served on Dr. Englander.

- Document No. 41 supplements the claims identified in the 2021 R&R as: Claims 1(a)(i)-(iii), which have been served on Dr. Englander; Claims 1(b)(i)-(iii), which have been asserted against NHSP Physician Jeffrey Fetter; Claims 1(c)(i)-(ii), which have been served on NHSP Nurse Wendy Giroux[6]; Claim 1(d)(i), which has been served on Nurse Lombard; Claim 1(e)(i), which has been served on Nurse

---

[4] Mr. Johnson has identified this defendant as Fallon Marchand. According to her answer (Doc. No. 32), that defendant is now known as Fallon Hickman. To avoid confusion, the Court will identify her in this action as Fallon Marchand/Hickman.

[5] Mr. Johnson has identified this defendant as Martha Barbosa. According to her answer (Doc. No. 32), that defendant is now known as Martha Derkach. To avoid confusion, the Court will identify her in this action as Martha Barbosa/Derkach.

[6] Mr. Johnson identified this defendant as Wendy Gioux. The defendants filings in this matter indicate that her name is Wendy Giroux.

    Downing; Claims 1(f)(i)-(iii), which have been asserted against NHSP Nurse Donna Dufresne; Claims 1(g)(i)-(iv), which have been served on NHSP Nurse Olivia Gamelin; Claims 1(h)(i)-(iv), which have been served on NHSP Nurse Brad Bowden; Claim 1(i), which has been asserted against NHSP Nurse Tina Crissfulli; Claims 1(j)(i)-(ii), which have been served on NHSP Nurse Veronica Paris; Claims 1(k)(i)-(iii), which have been served on NHSP Nurse Jane Dillon; Claim 1(l), which has been served on NHSP Nurse Ellen Halle-Cocoran; and Claim 1(o), which has been served on Capt. Boynton and Lt. Lydick in their individual capacities.[7]

- Document Nos. 51 and 55 supplement the claims identified in the 2021 R&R as: Claim 2(a), which has been served on Dr. Englander; Claim 2(b), which has been served on Nurse Carr, Claim 2(c), which has been served on Nurse Marchand/Hickman; Claim 2(d), which has been served on Nurse Barbosa/Derkach; Claim 2(e), which has been served on Nurse Gamelin; Claim 2(f), which has been served on Capt. Boynton, Lt. Lydick, and Sgt. Turcotte; and the claim identified in this R&R as Claim (g), which the Court directs be served on Pharmacist Carbone in an Order issued this date.

- Document No. 54 supplements the claims identified in the 2021 R&R as Claims 1(a)(i)-(iii), which have been served on Dr. Englander.

- Document No. 58 supplements the claim identified in the 2021 R&R as Claim 6, which has been served on Lt. Lydick.

In an Order issued this date, the Court directs service on Pharmacist Carbone and grants the other defendants leave to amend any answer that has been filed in this case, to respond to the complaint addenda supplementing any claim which has already been served.

---

[7] The record in this case does not reflect that Dr. Fetter, Nurse Dufresne, or Nurse Crissfulli have been served in this case. The Court addresses the matter of service upon these defendants in the Order issued this date.

II.  New Claims To Be Served

The Court has previously directed service of Eighth Amendment and malpractice/negligence claims arising from the alleged failure of certain defendants in this action to ensure that Mr. Johnson was provided the appropriate dose of his medication, which, he claims, caused him to be overmedicated on several occasions in August 2018.  In Document No. 13, Mr. Johnson asserts that Pharmacist Carbone is also responsible for the alleged overmedication, as he failed to adequately coordinate the NHSP pharmacy and medical department to ensure that NHSP prisoners, received the proper dose of medication, which resulted in Mr. Johnson being overmedicated.

Mr. Johnson's claims against Pharmacist Carbone are minimally sufficient to proceed.  The Court therefore finds that Mr. Johnson has asserted the following claim:

> 2.   Defendants violated Mr. Johnson's Eighth Amendment right to receive adequate medical care during his incarceration and are liable to him for negligence or professional malpractice under State law, in that:
>
> . . .
>
> g.   DOC/NHSP Pharmacist Ren Carbone, on August 6, 7, and 30, 2018, failed to ensure that Mr. Johnson received the proper daily dose of his medications.[8]

---

[8] For the sake of clarity, the Court identifies and numbers the claim against Mr. Carbone in accordance with the numbering of claims in the 2021 R&R.

5

In an Order issued simultaneously with this R&R, the Court directs service on Mr. Carbone.

III. Claims the Court Recommends Be Dismissed

    A.    Official Capacity Claims

In Document No. 13, Mr. Johnson has asserted claims for damages against Pharmacist Carbone in both his individual and official capacities. For reasons fully explained in the 2021 R&R, Mr. Johnson's official capacity damages claims are precluded by the Eleventh Amendment. See Lewis v. Clarke, 137 S. Ct. 1285, 1291 (2017). Accordingly, the District Judge should dismiss the official capacity claims asserted against Mr. Carbone.

    B.    Substantive Due Process Claims

In Document Nos. 11, 12, and 13, Mr. Johnson asserts that the conduct underlying the claims identified in the 2021 R&R as Claims 1(a)(i)-(iii), 1(d)(i), 1(e)(i), 2(a), 2(d), and 2(f), was sufficiently egregious and conscience-shocking to violate Mr. Johnson's Fourteenth Amendment substantive due process rights. "Where a particular Amendment [to the United States Constitution] 'provides an explicit textual source of constitutional protection' against a particular sort of

6

government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot., 560 U.S. 702, 721 (2010) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994)).  In other words, a constitutional claim "covered by a specific constitutional provision . . . must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) (citation omitted).

   Mr. Johnson's substantive due process claims are based on the same conduct which he has previously claimed violated the Eighth Amendment's prohibition against cruel and unusual punishment occasioned by violating his right not to be subject to inadequate medical care resulting from the deliberate indifference of the defendants.  Because the Eighth Amendment is a more specific constitutional provision than the Fourteenth Amendment's Due Process Clause, it is the Eighth Amendment which controls this court's disposition of Mr. Johnson's medical care claims.  The allegations underlying those claims, therefore, are not actionable as Fourteenth Amendment substantive due process claims.  Accordingly, the District Judge should dismiss Mr. Johnson's substantive due process claims.

## C.  Claims Asserting Criminal Conduct

In Document Nos. 16 and 43, Mr. Johnson asserts that Nurse Bowden committed the criminal act of simple assault against him on September 11, 2017[9] by "offensively touching [Mr. Johnson] several times."  Mr. Johnson cannot assert a civil claim in a § 1983 action on the basis that a defendant's conduct was criminal.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  Accordingly, the District Judge should dismiss Mr. Johnson's claim based on Nurse Bowden's alleged criminal conduct.

## D.  Claims Asserting PREA Violations

In Document No. 16, Mr. Johnson asserts that in September 2017, Nurse Bowden touched him, in an unspecified manner, in violation of the Prison Rape Elimination Act ("PREA").  There is no private right of action for an alleged PREA violation.  See Sullivan v. Wrenn, No. 17-cv-444-LM, 2018 U.S. Dist. LEXIS 181837, at *3, 2018 WL 5258587, at *2 (D.N.H. Apr. 4, 2018), R&R approved sub nom., Sullivan v. N.H. Governor, 2018 U.S. Dist.

---

[9] In his original complaint, Mr. Johnson stated that this occurred on September 10, 2018.  Because this Court recommends dismissal of the claim on grounds unrelated to the date it arose, the discrepancy need not be resolved at this time.

8

LEXIS 180879, at *1, 2018 WL 5257625, at *1 (D.N.H. Oct. 18, 2018). Accordingly, the district judge should dismiss Mr. Johnson's claim alleging that Nurse Bowden violated that statute.

### E. Claims Based on Violations of Prison Policies

In Document Nos. 11, 12, 13, 42, 44, 45, 54, 56, 57, and 59, Mr. Johnson has asserted that the defendants violated his constitutional rights by failing to adhere to prison policies. As fully explained in the 2021 R&R, prisoners generally have no freestanding constitutional right to have prison officials follow prison policies. See McFaul v. Valenzuela, 684 F.3d 564, 579 (5th Cir. 2012); Doiron v. Brown, No. 21-cv-360-SM, 2022 U.S. Dist. LEXIS 91198, at *24, 2022 WL 1607861, at *9 (D.N.H. Apr. 25, 2022), R&R approved, 2022 U.S. Dist. LEXIS 90802, at *1, 2022 WL 1607294, at *1 (D.N.H. May 20, 2022). 2010 U.S. Dist. LEXIS 139201 at *14, 2010 WL 5558915, at *3 (D.R.I. Dec. 8, 2010), R&R adopted, 2011 U.S. Dist. LEXIS 1882, 2011 WL 63503 (D.R.I. Jan. 7, 2011). As fully explained in the 2021 R&R, the District Judge should dismiss the claims asserted in the complaint and complaint addenda based on alleged violations of prison policy.

F.  Claims Alleging Interference with Administrative Grievances

In Document Nos. 13, 57, and 59, Mr. Johnson has asserted that his Fourteenth Amendment right to due process was violated by the defendants' interference with his ability to file administrative grievances at the NHSP. As fully explained in the 2021 R&R, "prisoners are not constitutionally entitled to unfettered access to a grievance procedure." Dallas v. Chippewa Corr. Facility, No. 20-1941, 2022 U.S. App. LEXIS 5381, at *8, 2022 WL 905857, at *3 (6th Cir. Mar. 1, 2022). For the same reasons explained in the 2021 R&R, the District Judge should dismiss Mr. Johnson's alleging interference with his administrative grievances.

G.  Supervisory Liability Claims

In Document No. 13, Mr. Johnson has asserted that DOC Commissioner Helen Hanks, DOC Director of Medical and Forensic Services Paula Mattis, and NHSP Warden Michelle Edmark violated his Eighth Amendment right to adequate medical care, and his rights under state law, because their subordinates failed to provide Mr. Johnson with appropriate doses of his medication on several occasions in August 2018. As fully explained in the 2021 R&R, supervisory officials are generally liable under § 1983 for a constitutional violation only if his or her own acts

or omissions "'led inexorably to'" the violation. Penate v. Hanchett, 944 F.3d 358, 367 (1st Cir. 2019) (citation omitted); see also Justiniano v. Walker, 986 F.3d 11, 20 (1st Cir. 2021). Mr. Johnson does not allege that any of the supervisory officials identified in Document No. 13 engaged in conduct which "led inexorably to" their subordinates' conduct which Mr. Johnson alleges caused him to be overmedicated. Accordingly, for the same reasons explained in 2021 R&R, the District Judge should dismiss Mr. Johnson's claims based on supervisory liability, and should dismiss Commissioner Hanks, Director Mattis, and Warden Edmark from this action.

### H.   Claims Asserting Verbal Harassment

In Document No. 16, Mr. Johnson reasserts harassment claims he previously asserted against Nurse Bowden, which were identified in the 2021 R&R as Claims (3)(b)(i)-(ii). In the 2021 R&R, the Court recommended that the District Judge dismiss those claims, as allegations of verbal threats and harassment are insufficient to assert a constitutional violation. Mr. Johnson has not asserted any facts in his complaint addenda which alter this Court's previous recommendation that Claims (3)(b)(i) and 3(b)(ii) be dismissed.

I. <u>Insufficiently Stated Claims</u>

In its previously-issued Order (Doc. No. 9), this Court provided Mr. Johnson with an opportunity to amend the claims identified in the 2021 R&R as Claims 1(h)(v) and 1(h)(vi), which had been asserted against Nurse Bowden.  The Corut, having found that those claims were conclusorily asserted, and were not supported by sufficient facts to state a claim upon which relief might be granted.  Mr. Johnson has not, in his complaint addenda, provided any additional facts to support those claims.  Accordingly, for the reasons explained in the 2021 R&R, the District Judge should dismiss Claims 1(h)(v) and 1(h)(vi), as they fail to state a claim upon which relief might be granted.

## Conclusion

For the foregoing reasons, and the reasons stated in the 2021 R&R, the District Judge should dismiss Mr. Johnson's claims asserted against DOC/NHSP Pharmacist Ren Carbone in his individual capacity; claims asserted against any defendant in his or her supervisory capacity; the claims identified in the 2021 R&R as Claims 1(h)(v) and 1(h)(vi); and the claims alleging violations of prison policy, interference with administrative grievances, verbal harassment, criminal conduct, violations of the PREA, and substantive due process violations.  The District Judge should also approve the 2021 R&R.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                        _____
                                                 Andrea K. Johnstone
                                                 United States Magistrate Judge

December 19, 2022

cc:   Jacob William Johnson, pro se
       Lawrence Gagnon, Esq.
       Nathan W. Kenison-Marvin, Esq.
       Pamela L. P. Eaton, Esq.
       Stephen J. Soule, Esq.