UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jacob Johnson,

    Plaintiff,

v.          Civil No. 1:20-cv-00398-SE

Celia Englander, et al,

    Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PROPOSED DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** Although a conference of the parties is not required given that Plaintiff is a *pro se* incarcerated litigant, *see* Fed. R. Civ. P. 26(f)(1), counsel for the State defendants mailed this Proposed Discovery Plan to Plaintiff on June 7, 2023 and requested his consent and signature and has not received a response, counsel for the Defendants have conferred and agreed.

**COUNSEL REPRESENTING:**

- Pamela L.P. Eaton, Esq. and Stephen J. Soule, Esq. representing the defendant, Celia Englander, MD.

- Lawrence P. Gagnon, Esq. and Nathan W. Kenison-Marvin, Esq., representing the defendants Sgt Turcotte, Veronica Paris, Capt Boynton, Wendy Giroux, John Lombard, Denise Downing, Fallon Marchand, Olivia Gamelin, Lt. Lydick, Jane Dillon, Nancy Clayman, Martha Barbosa, Gary Lydick, Donna Dufresne, Tina Crissfulli, Karen Carr, Ellen Halle-Cocoran (hereinafter referred to collectively as the "State Defendants")

- Jacob Johnson, Plaintiff, *pro se*.

## CASE SUMMARY

**THEORY OF LIABILITY:** Plaintiff is claiming damages arising from alleged failures of the defendant New Hampshire State Prison staff and other Medical providers to properly treat his urinary tract issues, causing his condition to worsen, resulting in infections and extreme pain. He claims violations of his Eighth Amendment right to receive adequate medical care during his incarceration and that the defendants are liable to him for negligence or medical malpractice under state law. Further, he claims violations of his Eight Amendment right not to be subjected

to cruel and unusual punishment, violations of his Fourteenth Amendment right to substantive due process.

**THEORY OF DEFENSE**:
*State Defendants:*
  A. Without admission and without waiving any other defenses, the Defendants respectfully submit the Plaintiff's claims are barred, in whole or in part, on account of her failure to properly exhaust available administrative remedies. See 42 U.S.C. § 1997e(a) [Prison Litigation Reform Act].
  B. Plaintiff has failed to state a claim upon which relief may be granted.
  C. Plaintiff's claims are barred because Defendants have not violated any Constitutional, federal, state, statutory, or common law right of Plaintiff, including, but not limited to, Plaintiff's rights under the First or Eighth Amendment.
  D. Plaintiff's claims are barred, in whole or in part, by all applicable immunities, including qualified immunity.
  E. Plaintiff's claims are barred because Defendants have not violated any clearly established Constitutional right.
  F. Plaintiff's claims are barred, in whole or in part, because any injuries Plaintiff suffered were caused by persons and events outside the control of Defendants, which were intervening or superseding causes of Plaintiff's alleged injuries.
  G. Plaintiff's claims are barred by the Prison Litigation Reform Act, including because Plaintiff failed to properly exhaust the available administrative remedies.
  H. Plaintiff is not entitled to punitive damages against Defendants.
  I. The Plaintiff is barred from bringing claims for mental and/or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18) under 42 U.S.C. § 1997e(e).
  J. The cause, extent, and severity of Plaintiff's claimed damages is disputed.
  K. Plaintiff has caused or substantially contributed to any harm he has suffered as a result of the allegations referenced in the complaint.
  L. Plaintiff has misidentified the Defendants.

*Non-State Defendant:*
  A. Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).
  B. Dr. Englander did not act with deliberate indifference to any serious medical condition or subject Plaintiff to cruel and unusual punishment.
  C. Plaintiff received appropriate, safe, and reasonable treatment that was consistent with the applicable standard of care, and, upon information and belief, no expert will support contentions to the contrary.
  D. Dr. Englander did not violate any DOC policy or breach any duty owed to the Plaintiff.
  E. Plaintiff failed to mitigate his damages and avoid consequences of his decisions and actions.
  F. Defendant reserves the right to file a dispositive motion based on the statute of limitations following initial discovery as to when Plaintiff's claims arose.
  G. Dr. Englander is not vicariously liable for the actions of others or the failure of others to act.

    H.  Plaintiff has incurred no damages for which Dr. Englander is answerable in a civil action.

**DAMAGES:**  In his complaint (ECF No. 1), Plaintiff purported to seek compensatory and punitive damages in the amount of $ 859,500.00.  Defendants deny that Plaintiff is entitled to any relief.

**JURISDICTIONAL QUESTIONS:**  None identified at this time, however, the defendants reserve the right to raise any jurisdictional issues when they become apparent.

**QUESTIONS OF LAW:**  None known at this time, except those set forth in the Theories of Defense, *supra*.

**TYPE OF TRIAL:**  Jury trial.

## SCHEDULE

**TRACK ASSIGNMENT**:  Modified twelve month standard track to account for bifurcated PLRA and merits discovery and motion practice.

**TRIAL DATE:**  Two-week trial period beginning October 15, 2024.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  If any defendant claims that unnamed parties are at fault on a state law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), the defendant shall disclose the identity of every such party and the basis of the allegation of fault by August 15, 2023.

Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**AMENDMENT OF PLEADINGS:**

    Plaintiff:  August 15, 2023        Defendants:  September 15, 2023


**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff:  August 15, 2023        Defendants:  September 15, 2023


**THIRD-PARTY ACTIONS:**  August 15, 2023

**MOTIONS TO DISMISS:**  August 15, 2023


**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

    Plaintiff:  October 15, 2023        Defendants:  December 15, 2023

Supplementations under Rule 26(e) due: in accordance with Fed. R. Civ. P. 26(e)(2).

The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**COMPLETION OF ALL DISCOVERY**:

PLRA Exhaustion: September 15, 2023
Merits: June 15, 2024

**MOTIONS FOR SUMMARY JUDGMENT:**

PLRA Exhaustion: October 15, 2023
Merits: July 15, 2024

**CHALLENGES TO EXPERT TESTIMONY**:  March 15, 2024

## DISCOVERY

**DISCOVERY NEEDED**:  Possible written and deposition discovery relating to his medical condition and treatment, as well as Plaintiff's alleged damages.

**MANDATORY DISCLOSURES**: Exempt pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv).

**INTERROGATORIES**:  A maximum of 15 interrogatories by the Plaintiff to each Defendant and 15 interrogatories by each Defendant to the Plaintiff.

**REQUESTS FOR ADMISSION**:  A maximum of 15 requests for admission by Plaintiff to each Defendant, and 15 requests for admissions by each Defendant.

**DEPOSITIONS**:  A maximum of 10 depositions by the Plaintiff and 10 depositions by the Defendants.  Each deposition limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**  Subject to the right to assert any applicable objections, including but not limited to confidentiality of records and safety and security issues concerning the correctional facility, the parties will respond to any requests for electronic discovery to the extent included in discovery requests.  Unless otherwise agreed at a later time, any electronic data or documents will be produced in paper format.  Each party reserves the right to object that any request is unduly burdensome and/or irrelevant, or to object on any other applicable basis.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

All parties reserve the right to assert any privileges to inadvertently disclosed privileged documents, and agree that such inadvertent disclosure shall not operate as a waiver of any privilege, and that each party shall have the right to request and obtain the return of such documents as set forth in the Federal Rules of Civil Procedure.  If any party wishes to contest such a claim of privilege, any such material may be filed with the Court only with a request that it be sealed.

The defendants request that the Court enter the above language as part of the discovery plan and specify that these terms are applicable to any third parties to whom inadvertently disclosed materials have been disclosed.

## **OTHER ITEMS**

**SETTLEMENT POSSIBILITIES:**  Settlement cannot be evaluated prior to initial discovery, but it is a possibility.

**JOINT STATEMENT RE: MEDIATION:**  (1) At this time, the parties are unable to evaluate whether or not they will pursue mediation nor plan to pursue mediation; (2) if parties mediate, it will likely occur after the commencement of discovery but prior to any motions for summary judgment; and (3) if parties proceed with mediation, parties will request Magistrate Judge / District Judge and not a private mediator. Parties will update the court on the status of mediation by November 2, 2023.

**TRIAL ESTIMATE:**  3-6 days

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.
- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:**   A pretrial conference has not yet been scheduled.

**OTHER MATTERS:**  None at this time.

*[signatures on following pages]*

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | Sgt Turcotte, Veronica Paris, Capt Boynton, Wendy Giroux, John Lombard, Denise Downing, Fallon Marchand, Olivia Gamelin, Lt. Lydick, Jane Dillon, Nancy Clayman, Martha Barbosa, Gary Lydick, Donna Dufresne, Tina Crissfulli, Karen Carr, Ellen Halle-Cocoran |
|  |  |
|  | By their attorney, |
|  |  |
|  | THE OFFICE OF THE ATTORNEY GENERAL |
| Dated: June 15, 2023 | /s/ Lawrence P. Gagnon |
|  | Lawrence P. Gagnon, Bar #271769 |
|  | Assistant Attorney General |
|  | Civil Bureau |
|  | lawrence.p.gagnon@doj.nh.gov |

Doctor Englander

By her attorneys,

/s/ Pamela L.P. Eaton
Stephen J. Soule, Bar #4858
Pamela L.P. Eaton, *admitted pro hac vice*
Paul Frank & Collins P.C
ssoule@PFClaw.com
peaton@PFClaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent by ECF on June 15, 2023 to counsel of record at ssoule@pfclaw.com and peaton@pfclaw.com, and to plaintiff at the following address:

> Jacob Johnson (#J-42754)
> 2495 Castaway Dr.
> Jacksonville, FL 32224

/s/Lawrence P. Gagnon
Lawrence P. Gagnon