UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jacob William Johnson

    v.                                                Case No. 20-cv-398-SE

Dr. Celia Englander et al.

**REPORT AND RECOMMENDATION**

Jacob William Johnson, a Florida prisoner currently being housed by the New Hampshire Department of Corrections ("DOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his rights under federal and state law while he was housed at the New Hampshire State Prison for Men ("NHSP").[1] Defendant Tina Crissfulli, who Mr. Johnson describes as a registered nurse, moves for dismissal of the single claim asserted against her, under Federal Rule of Civil Procedure 12(b)(6). See Doc. No. 95. Mr. Johnson objects. See Doc. No. 99.

---

[1] At the time of the events underlying this action, Mr. Johnson was a Florida Department of Corrections ("FDOC") prisoner serving his sentence at the NHSP. The FDOC website indicates that Mr. Johnson was placed on supervised release, in Florida, on April 27, 2022. See FDOC Supervised Population Information Search, www.dc.state.fl.us/offenderSEarch/detail.aspx?Page=Detail&DCNumber=Q61472&TypeSearch=AO, last visited Sept. 11, 2023.

The motion to dismiss has been referred to the undersigned Magistrate Judge for a recommendation as to disposition. See Order, Aug. 25, 2023. For the reasons that follow, the District Judge should deny the motion to dismiss.

## Motion to Dismiss Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" with "enough factual detail to make the asserted claim 'plausible on its face.'" Legal Sea Foods, LLC v. Strathmore Ins. Co., 36 F.4th 29, 33 (1st Cir. 2022) (quoting, inter alia, Fed. R. Civ. P. 8(a)(2) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The court's assessment of plausibility "is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth., 4 F.4th 63, 70 (1st Cir. 2021) (quoting Iqbal, 556 U.S. at 679). To make the plausibility determination, the court "accept[s] as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the [plaintiff]'s favor," but "credit[s] neither conclusory legal allegations nor factual allegations that are too meager, vague, or conclusory to remove the

possibility of relief from the realm of mere conjecture." Legal Sea Foods, 36 F.4th at 33 (quotations omitted). Because Mr. Johnson is representing himself in this matter, the court construes his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### Background

I.   Factual Allegations

Mr. Johnson has a urological condition known as a "false passage" in his penis. Doc. No. 1 at 14 (capitalization omitted). As a result, "[t]he primary passage in [his] urethra is prone to frequent blockage which requires that [he] use a catheter to empty [his] bladder." Id. Mr. Johnson asserts that, if left unresolved, urinary retention can become acute and result in a medical emergency and/or a urinary tract infection ("UTI").

During the time relevant to this matter, Mr. Johnson initially used a Foley catheter which had to be changed by medical personnel at least once every thirty days, according to Mr. Johnson's urologist's instructions. Improper administration of his Foley catheter "can lead to acute urinary retention (overfull bladder) and urinary tract infection." Id. At some point during his incarceration, Mr. Johnson stopped using a Foley catheter and instead used disposable catheters which

3

allowed him to empty his bladder without medical assistance. Mr. Johnson claims that, according to his urologist, he needed six disposable catheters per day while at the NHSP.

Germane to the pending motion, Mr. Johnson alleges that NHSP medical staff members, including Nurse Crissfulli, failed to treat his urinary tract issues properly and adequately, causing aggravation of his urinary tract conditions, infections, and extreme pain.  Mr. Johnson asserts that on August 26, 2017, he went to the NHSP medical department for an emergency with his Foley catheter, as it was plugging up and causing leakage.  Mr. Johnson saw Nurse Crissfulli at the NHSP medical department. Nurse Crissfulli would not allow Mr. Johnson to demonstrate how his catheter was leaking and did not provide him with any care for his urinary tract problem, which was diagnosed the following day as a UTI.  Also present was Nurse Brad Bowden, who assisted Nurse Crissfulli and physically examined Mr. Johnson.

## II.   Claims Asserted Against the Defendant

The undersigned Magistrate Judge conducted a preliminary review of the original, pre-supplemented version of Mr. Johnson's complaint (Doc. No. 1), see 28 U.S.C. § 1915A(a) and LR 4.3(d)(1), and identified the following claim as having been asserted against Nurse Crissfulli in her individual capacity:

> [O]n August 26, 2017, when Mr. Johnson went to the NHSP medical department for "an emergency with [his] Foley catheter which was plugging up resulting in leakage," Compl. at 25, [DOC/NHSP Nurse Crissfulli] would not let Mr. Johnson demonstrate how his catheter was leaking or provide adequate care for his urinary tract problem, which was diagnosed the following day as a UTI.

Dec. 15, 2021 Report and Recommendation (Do. No. 7, at 8), approved by Jan. 11, 2023 Order (Doc. No. 71); see also Dec. 15, 2021 Order (directing service of the complaint upon defendants, including Nurse Crissfulli).[2]

Nurse Crissfulli moves for dismissal under Fed. R. Civ. P. 12(b)(6), asserting that Mr. Johnson has failed to state a claim against her upon which relief may be granted. Specifically, Nurse Crissfulli argues that the complaint does not allege that she acted or failed to act in a manner which violated Mr. Johnson's Eighth Amendment rights. Instead, Nurse Crissfulli alleges, she was simply present during an exam performed by another healthcare provider.

## Discussion

---

[2] In his original complaint, Mr. Johnson also alleged conduct by Nurse Crissfulli that, he argued, violated his Eighth Amendment right not to be subjected to cruel and unusual punishment by verbally abusing and harassing him. The Court dismissed that claim by Order dated January 11, 2023. See Doc. No. 71 (approving Dec. 19, 2022 R&R (Doc. No. 68)).

5

To state an Eighth Amendment claim upon which relief may be granted based upon a prisoner's alleged denial of adequate medical care, the plaintiff must assert facts to demonstrate that he has a serious medical need requiring treatment, and that he was denied such treatment by a defendant acting with deliberate indifference to his serious medical need. See Abernathy v. Anderson, 984 F.3d 1, 3 (1st Cir. 2020). This standard has both an objective and a subjective prong. Zingg v. Groblewski, 907 F.3d 630, 635 (1st Cir. 2018).

To satisfy the objective prong, a plaintiff must allege that he had a serious medical need. A serious medical need is one that is diagnosed by a physician as mandating treatment, or that is "so obvious that a lay person would easily recognize the necessity for a doctor's attention." Snell v. Nelville, 998 F.3d 474, 495 (1st Cir. 2021) (quotation omitted).[3]

As to the subjective prong, "[d]eliberate indifference appears when defendants had a 'sufficiently culpable state of mind' by ignoring (or worsening) the inmate's serious medical

---

[3] While Nurse Crissfulli challenges Mr. Johnson's allegation that he suffered injury as a result of her omissions, as alleged by Mr. Johnson, Nurse Crissfulli does not argue that Mr. Johnson failed to state facts showing that he had a serious medical need, per the applicable standard set forth below. In particular, Nurse Crissfulli does not contest that Mr. Johnson requires the use of a catheter or that he experienced leakage on the date alleged. Accordingly, the Court focuses on the subjective prong of the Eighth Amendment deliberate indifference standard.

6

need." Id. at 497 (quoting Farmer v. Brennan, 511 U.S. 825 834 (1994)). Deliberate indifference is "more than negligence, . . . yet it need not be intentional harm. The defendants must have known of the risk of harm to the plaintiff and disregarded it." Id. (quotation and citation omitted).

A showing of a defendant's deliberate indifference to a substantial risk of serious harm satisfies the subjective prong of an Eighth Amendment claim. See Farmer, 511 U.S. at 834. To establish deliberate indifference, an inmate must assert facts which demonstrate that: the defendant was aware of facts that gave rise to an inference that a substantial risk of serious harm existed; the defendant drew the inference that such a risk existed; and the defendant, by act or omission, failed to take reasonable steps to reduce or eliminate the risk. See id. at 828-29.

Liberally construing Mr. Johnson's filings, the Court finds that he asserts facts to demonstrate that, on August 26, 2017, he went to the NHSP medical department for an emergency with his Foley catheter. Mr. Johnson has asserted that Nurse Crissfulli, despite being aware of his urinary tract problems, and having been informed by Mr. Johnson that his Foley catheter was "plugging up resulting in leakage," Doc. No. 1 at 25, refused to allow him to demonstrate leakage from his catheter, and consequently failed to provide him with adequate care for his

7

condition.  Indeed, Mr. Johnson was diagnosed with a UTI the following day.  At this stage of the proceedings, those facts state an Eighth Amendment claim upon which relief might be granted alleging that Nurse Crissfulli was deliberately indifferent to Mr. Johnson's serious medical needs when she denied him medical care for those needs on August 26, 2017.

Mr. Johnson's complaint sufficiently details that Mr. Johnson informed Nurse Crissfulli that his catheter was "plugging up resulting in leakage."  Indeed, Mr. Johnson indicates that he begged Nurse Crissfulli to allow him to demonstrate the problem.  Mr. Johnson alleges that Nurse Crissfulli refused any demonstration or additional detail from Mr. Johnson and did not provide further medical care.  Rather, Nurse Crissfulli conferred with Nurse Bowden and affirmed his dismissal of Mr. Johnson's concerns.  While brief, Mr. Johnson's account adequately pleads a claim alleging that Nurse Crissfulli was deliberately indifferent to his medical emergency by failing to provide adequate care.  See Leite v. Bergeron, 911 F.3d 47, 52 (1st Cir. 2018) ("Deliberate indifference … is satisfied by … omissions … with knowledge that harm will result." (quotations omitted)).

Nurse Crissfulli relies on the fact that Nurse Bowden examined Mr. Johnson on the date in question to argue that her presence during the examination does not amount to an Eighth

8

Amendment violation. Mr. Johnson, however, alleged in his complaint that Nurse Bowden, in Nurse Crissfulli's presence, denied him adequate medical care for his serious medical condition. The fact that another nurse is also alleged to have denied Mr. Johnson adequate medical care does not mitigate, at this stage of the proceedings, Nurse Crissfulli's alleged indifference to Mr. Johnson's request for medical care for his serious medical need.

## Conclusion

For the foregoing reasons, the District Judge should deny Nurse Crissfulli's motion to dismiss (Doc. No. 95). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the

district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 11, 2023

cc:  Jacob William Johnson, pro se
     Pamela L.P. Eaton, Esq.
     Stephen J. Soule, Esq.
     Lawrence Gagnon, Esq.
     Nathan W. Kenison-Marvin, Esq.